IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT SOUTHERN LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | 3-02CV0214-L |
| JAMES A. ADAMS; QUINTINA M. ADAMS; DARRELL GENE ADAMS; ANGELITA AGUILAR; LLOYD K. ALDRIDGE; HERMELLA T. AMBROSE; ORLEAN AYERS JR; OLIMPIA BAHENA; DONNA K. BAILEY; RONALD W. BEHNKE; JULIANE C. BEHNKE; CURTIS R. BELL; LINDA BENNETT; ROLAND BENNETT; CALVIN D. BERRYHILL;  BICKLE TRUST; MICHAEL C. BISHOP; JIMMIE DEE BISHOP; KATHLEEN BOONE; MICHAEL E. BOUDOIN; MARLA E. BOYD; DIANA BROADWATER; ELEANOR M. BROOKOVER; WOODROW W. BROWN; LENA D. BROWN; BRUCE H. BURR; ELZA BUSH JR; LEVERN J. BUTLER; LORA C. BYRAM; SUZANNE CAMMARERI; PETER J. CAMMARERI JR; FRUTOSO G. CARRANZA; DAVIE D. CARTER; ALBERT CASTOIRE; JULIUS M. CAZALAS; RICHARD CERZA; TAMMY G. CHAPA; CHARLOTTE A. CHARLES; NELDA CHARLES; HELEN CHEE; FREDERICK D. CLARK; FREDERICK CLARK SR; MARY A. COBB; NANCY COLEMAN; LINDA COOK CRAVEN; ORMOND M. CREWS; JUDY A. CREWS; ORMOND M. CREWS; JERRY L. CROCKET SR; STANFORD L. DANIELS; MINNIE N. DAVIS; RUBEN F. DE LEON; ROBERT JAMES DEESE; HOUSTON DEFORD; LEEANN DELEON; OTHA V. DENNY; ROBERT E. DERRINGTON; EDNA E. DEVILLIER; JACQUELINE D. DEVINE; CYNTHIA A. DOVALINA; KAREN S. DUDLEY; FRANCIS T. DUDLEY III; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. _____<br><br>(Related to MDL 1214) |

**COMPLAINT FOR DECLARATORY RELIEF**                                                                                          Page 1

HENRY ESPINOZA DURAN; DEBRA K. §
EISEN; LYDIA ELDRIDGE; JULIAN S. §
ESPARZA; EDGAR EBERT EVANS; ROSE §
M. FEHRENBACH; GEORGE FIELDS; §
MARLENE W. FLETCHER; DAVID M. §
FONTENOT; BRYAN G. FRAZAR; PAUL F. §
FRITZ III; BRIAN MICHAEL GALIS; CELIA §
GARZA; MILLIE B. GIBSON; ROBERT R. §
GILLESPIE; JUNE H. GILLESPIE; DAVID §
W. GODDARD; PATRICIA GODFREDSON; §
DEBRA GOURLAY; MATRICIA A. GRANT; §
GREGORY P. GREGUREK; ROBERT L. §
GRIER; LORENZO T. HALL; ROBERT A. §
HALL SR; MICHAEL B. HAMILTON; JIM A. §
HANNA; SANDRA HARRIS; MARGARET §
E. HARRIS; JODI R. HEDGE; THOMAS P. §
HEINEMAN; SHERRY M. HEINEMAN; §
RICHARD HELTON; KATHY HENDERSON; §
DAVID HENDERSON JR; CAROL A. §
HENRY; IRMA C. HERNANDEZ; §
YOLANDA L. HINOJOSA; JENNIFER J. §
HOLLAND; MARY L. HOLLON; LEIGH J. §
HOOFNAGLE; LEIGH D. HOOFNAGLE; §
C.C. HOPKINS; DARLA J. HOWARD; §
CHRIS D. HOWARD; TRACY L. HOWELL; §
LOUIS E. HUBBARD; TANYA Y. §
HUBBARD; BUSTER P. HUDDLESTON; §
KELLY S. HUDDLESTON; JUDY L. §
HURLBURT; ROBERT H.L. JACKSON; §
DAVID B. JENNINGS; PATRICIA §
JERNIGAN; DARNELL E. JOHNSON; §
ERNESTINE G. JONES; DAVID W. §
KASTNER; GAIL E. KEAHEY; SONIA §
KENEY; CHARLES A. KETCHUM; HIEP K. §
KHUU; MAMIE N. KING; BRYAN D. §
KOLACZKOSWKI; FRANK JOE §
KUBACAK; ROBERT C. LAND; §
VALDEMAR C. LEAL; JESSIE A. LEWIS; §
BRENDA L. LOPEZ; ERMA LOPEZ; JOHN §
D. LOWRIE III; NANCY C. MARLOW; §
ELLWOOD MARR JR; KAY MARTIN; §
ALICE MATA; GENEVA F. MAYFIELD; §
MARY L. MAYO; BAILEY R. MAYO; §
EUGENE W. MCCLAIN; JACOB §
MCCLINTON JR; ESTATE OF SHIRLEY A §
MCCLOUD; WILMA H. MCCLURE; §

CHARLIE MCFARLAND SR; SUSAN G. §
MCNEAL; JOHNNY L. MCNEAL SR; RUTH §
A. MENDOZA; MIGUEL A. MENDOZA JR; §
HENRY C. MOODY; SHELLY L. MORGAN; §
HARVEY EDWARD MORRIS; LLOYD §
DEAN MORRIS; KIMBERLY KAYE §
MORRIS; KATHRYN MYLES; SPENCER E. §
NICHOLS; MARVIN EDWARD OLBRICH; §
VIRGINIA L. OLBRICH; R.D. PARSONS; §
JUNIUS E. PATTERSON; DONALD M. §
PEEK; JAIME PENA; KEITH A. PEOPLES; §
WILLIAM E. PERRYMAN; NANCY E. §
PINTO; JAMES F. PINTO II; MANUEL §
PITTE; JACQUELINE POOL; JOHN T. §
POWERS; TERRY P. QUINONES; JESUS M. §
RAMOS; SANDRA LEE REYES; DOMINGA §
G. REYMAN; DOTTIE REYNOLDS; LINDA §
K. RIDDLE; CLARISSA A. RIDGE; §
RICHARD K. RIDGE; J.W. §
RIEMENSCHNEIDER; CLAUDE H. RILEY; §
DOROTHY M. RILEY; LOUISE RIVERS; §
MADELENE M. ROBERTSON; GEORGE I. §
RODARTE; ISAAC G. RODRIGUEZ; §
JOSEPHA N. RODRIGUEZ; STEPHANIE N. §
RODRIGUEZ; ADRIANA RODRIGUEZ; §
JOSEPHINA RODRIGUEZ; ANTONIO §
RODRIQUEZ; WILLIS J. ROGERS SR; JOAN §
J. ROMAIN; OPAL M. ROWELL; JACK F. §
SAGESER; FORTUNATO SALINAS; §
SHARLENE SCOTT; JAMES BRYAN §
SHIRLEY; JASETTE E. SIMMONS; HILDA §
M. SIMPSON; JAMES M. SKIPPER; JAMES §
BERNARD SMITH; MELVA CLARK §
SMITH; MARY FRANCES SPEARS; §
WILBON SPIVEY; SHERI STAFFORD; §
DOUGLAS E. STREATER; MARTHA ANN §
SYLER; CURTIS SCOTT SYLER; MITZI §
TAGGART; NAOMI D. TOBE; SAM VACA; §
JOSEPHINE B. VASQUEZ; DEE ANN §
VASQUEZ; MARY A. VELASQUEZ; §
HENRY VELASQUEZ; ALAN CAROL §
WALCH; SHERYL L. WALLACE; WAYNE §
ROBERT WASH; PAT L. WASHINGTON; §
JAMES A. WASHINGTON; SHERI §
SIMPSON WHITE; STEVEN KELLY §
WHITE; FRED E. WIGGINS; WESLEY C. §

| | |
|---|---|
| WILKE; CARLTON W. WILKE; MARY F. WILKE; EDWARD C. WILLIAMS; ANNETTE WILLIAMS; NAIKENYA WILLIAMS; LAURI A. WILLIS; BEATRICE D. WILLIS; BILLI L. WILTON; RONALD E. WINTERS; LINDA G. WOOD; GARY W. YOUNGER; REBECCA S. YOUNGER, | § § § § § § § § § |
| Defendants. | § |

## COMPLAINT FOR DECLARATORY RELIEF

Great Southern Life Insurance Company ("Great Southern") files this Complaint for Declaratory Relief and would respectfully show as follows:

### I.

### PARTIES

1. Great Southern is a life insurance company incorporated under the laws of the State of Texas with its principal place of business in Texas.

2. The Defendants are all present or former Great Southern policyowners who are citizens of the State of Texas and who purport to have opted out of the settlement class certified in *In Re Great Southern Life Insurance Company Sales Practices Litigation;* MDL No. 1214; In the United States District Court for the Northern District of Texas (the "MDL Proceeding") and who have indicated to Great Southern in connection with or subsequent to their opt-out request that they are represented by legal counsel.

### II.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("FDJA"), 28 U.S.C. § 1331, and 29 U.S.C. § 1144. The

FDJA provides that federal jurisdiction in a declaratory judgment action is proper if the declaratory judgment defendant could have brought a coercive action in federal court to enforce her rights. Upon information and belief, one or more of the Defendants herein, including but not limited to Defendant Donna K. Bailey, are beneficiaries and/or participants of an employee benefit program governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") with respect to the policy that is the subject of this suit. Pursuant to ERISA § 1132, a beneficiary or participant may bring an action in federal court to recover benefits due to her under the terms of an ERISA governed plan, to enforce the terms of an ERISA governed plan, or to enjoin or otherwise redress violations of ERISA. Because one or more of the Defendants herein could have brought a coercive action in federal court pursuant to ERISA § 1132, federal jurisdiction is proper as to the Defendants with ERISA claims under the FDJA, 28 U.S.C. § 1331, and ERISA § 1144. The Court has supplemental jurisdiction with respect to all other Defendants under 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over each of the Defendants because they are all residents and citizens of the State of Texas.

5. Venue in this district is proper under 28 U.S.C. § 1391 because: (i) many of the Defendants reside in this district; (ii) a substantial part of the events or omissions giving rise in the disputed claims occurred in this district; and (iii) all the Defendants are otherwise subject to personal jurisdiction in this district.

### III.
### FACTS

6. The Defendants are all present or former owners of one or more universal life insurance policies or excess interest whole life insurance policies issued by Great Southern since

January 1, 1982. As such, they were all members of a nationwide class that was certified in the MDL Proceeding by the Honorable Joe Kendall on or about March 14, 2000, as amended by order dated June 13, 2001.

7. In the nationwide class action, the plaintiffs alleged that Great Southern engaged in a scheme to breach its policies of insurance and defraud its policyowners through certain alleged misconduct, including:

   a. allegedly failing to compute the interest credits, mortality charges, and expense charges in accordance with the terms of the class policies;

   b. allegedly designing and pricing the class policies in such a manner that Great Southern either knew or should have known that the policies would not perform as allegedly promised by Great Southern;

   c. allegedly misrepresenting and failing to disclose certain material information regarding Great Southern's interest crediting rates, mortality charges, and expense charges with respect to the class policies; and

   d. allegedly engaging in other misconduct as alleged in the Consolidated Second Amended Class Action Complaint attached hereto as Exhibit "1."

Great Southern has denied, and continues to deny, each of these allegations of misconduct.

8. On or about April 6, 2001, Great Southern and the lead counsel for the nationwide class executed a proposed class-wide settlement. Under the terms of the proposed settlement, class members who did not wish to settle were given the opportunity to opt out of the nationwide class.

9. Upon learning of the proposed settlement, attorneys across the country, including certain attorneys in the State of Texas, began running a series of television commercials and print advertisements soliciting class members to opt out of the nationwide class and engage their firms.

10. Apparently in response to these opt out solicitations, the Defendants and over 1,000 other present and former Great Southern policyowners purported to opt out of the nationwide class and notified Great Southern that they had retained legal counsel to represent them.

11. On or about January 14, 2002, Judge Kendall signed an order approving the nationwide class settlement and dismissing with prejudice the nationwide class action. The Defendants, however, have purported to opt out of the nationwide class and, therefore, assert that they are not bound by Judge Kendall's dismissal order. Thus, a dispute continues to exist between Great Southern, on the one hand, and the Defendants, on the other hand, as to whether Great Southern has any liability to the Defendants with respect to the allegations described in the Consolidated Second Amended Class Action Complaint attached hereto as Exhibit "1." This dispute is continuing and ongoing, and it is ripe for resolution by this Court.

12. All conditions precedent to this action have occurred or been waived.

### IV.

### CAUSE OF ACTION

13. The allegations in paragraphs 1-12 are incorporated by reference.

14. Pursuant to 28 U.S.C. § 2201 and any other applicable rule or law, Great Southern requests that the Court issue a declaratory judgment that:

    a.    Great Southern's practices and procedures for crediting interest and deducting mortality and expense charges on the universal life and excess interest whole life insurance policies owned by the Defendants do not violate the terms of those policies; and

    b.    Great Southern has no liability to the Defendants with respect to the matters alleged in the Consolidated Second Amended Class Action Complaint attached hereto as Exhibit "1."

15. Alternatively, in the event that the Court concludes that the joinder of all the Defendants in this action is impracticable, Great Southern requests that the Court: (i) certify the Defendants as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; (ii) appoint one or more of the Defendants as a class representative; and (iii) issue the declaratory relief described above.

WHEREFORE, PREMISES CONSIDERED, Great Southern respectfully requests that the Defendants be cited to appear and answer herein and that, after hearing or trial, the Court issue a final judgment:

    a. declaring the rights of Great Southern and the Defendants, as set forth above;

    a. awarding Great Southern its attorneys' fees, expenses, and costs of court; and

    b. awarding Great Southern such other and further relief to which it is justly entitled.

Respectfully submitted,

*[signature]*

EDWIN R. DEYOUNG
Texas State Bar No. 05673000
ROGER B. COWIE
Texas State Bar No. 00783886
DAVID G. CABRALES
Texas State Bar No. 00787179
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: 214/740-8000
Telecopier: 214/740-8800

ATTORNEYS FOR GREAT SOUTHERN
LIFE INSURANCE COMPANY